**BLACK STUDENTS OF NORTH FORT MYERS JR.-SR. HIGH SCHOOL ex rel. Mattie SHOEMAKER, by her parent Veronica Shoemaker,**

v.

**Ray L. WILLIAMS, Superintendent of the Lee County School Board of Public Instruction, et al., Defendant,**

**State Board of Education of the State of Florida, Intervenor.**

**Civ. No. 70-4.**

United States District Court,
M. D. Florida,
Ft. Myers Division.

Jan. 12, 1972.

---

Spencer L. Smith, Homestead, Fla., John B. Platt, III, Florida Rural Legal Services, Inc., Fort Myers, Fla., for plaintiffs.

Emmet B. Anderson, Fort Myers, Fla., for defendant.

Stephen Marc Slepin, Tallahassee, Fla., for intervenor.

## MEMORANDUM OPINION

KRENTZMAN, District Judge.

On September 29, 1970, the Court granted plaintiffs' motion for summary judgment in this case. Black Students v. Williams, 317 F.Supp. 1211 (M.D.Fla. 1970). The Court held that there were no genuine issues as to material facts with regard to plaintiffs' claim that their suspensions from North Fort Myers Junior-Senior High School were without a hearing and therefore in violation of due process of law. The Court concluded that due process prevents defendants from suspending a public school student for a substantial period of time without first affording the student an adversary hearing, and that a suspension for ten days is a suspension for a substantial period of time. *Black Students, supra* at p. 1216. The Fifth Circuit Court of Appeals reversed, holding that this was not an appropriate case for disposition without full development of the facts. 443 F.2d 1350 (5 Cir. 1971).

After remand this case was scheduled for pretrial conference and jury trial. Pursuant to the Court's pretrial conference order the parties submitted a pretrial stipulation. The parties therein agreed that there are no material facts which remain to be decided. The parties further agreed upon a statement of facts which they stipulated would require no proof. The following facts were so stipulated by the parties:

"1. On February 12, 1970, over 100 Black Students at North Fort Myers Junior-Senior High School demonstrated to voice grievances surrounding National Negro History Week.

"2. On the morning of the demonstration the Black Students left their

buses and promptly formed lines for the purpose of staging their demonstration.

"3. After forming the lines, the Black Students left the school premises. The time of their leaving was closely approximate to the beginning of first period classes at the school. The demonstrating students were still on the premises when the first bell rang.

"4. There was some disruption of school routine during the time the demonstration lines were formed and also after the students left the school premises. This disruption amounted to milling around after the bell rang; students who remained at the school were late getting to first period classes; many students were excited; and there was some confusion for 15 to 20 minutes after the demonstrating students left the school premises.

"5. There was no physical violence against person or property, either by those who demonstrated or by those who observed the demonstration. There was no trading of insults or racial epithets between students, either black or white. There was no shouting or overly rambunctious actions on the part of any of the students.

"6. The demonstrating students marched in an orderly fashion from the school premises to a church located within the Black community, a distance of approximately 3 miles, where they expressed their grievances and were addressed by Reverends J. L. Stephens and Isadore Edwards, Superintendent of Schools Ray L. Williams, and others.

"7. The Principal of North Fort Myers, Joe A. Beavo, was physically present at the school when the demonstration took place. He observed a portion of the demonstration and some of the occurences which followed.

"8. On the evening of the demonstration, the Lee County Board of Public Instruction met and decided that those students involved in the demonstration should be suspended for ten days. The Board based its decision on a previously established policy calling for automatic suspension of students involved in a walkout or demonstration against school rules or discipline (Automatic Suspension Policy).

"9. On the following day, February 13, 1970, the Principal of North Fort Myers Junior-Senior High School executed the decision of the Board by sending letters giving notice of ten days suspension to the parents of all Black Students absent on the day of the demonstration. Students absent because of bona fide illness could have readmission considered after appearance by them with their parents.

"10. Suspended students who were not leaders of the demonstration could be readmitted after five days if they appeared with their parents.

"11. The suspended students were not afforded a hearing prior to their suspensions, nor were they offered a hearing within a reasonable time after their suspensions."

Plaintiff Black Students contend that they were unconstitutionally suspended because they were not afforded a prior hearing contrary to due process; they were not afforded a hearing within a reasonable time contrary to due process; the "Automatic Suspension Policy" pursuant to which they were suspended is unconstitutional on its face; and they were suspended for exercising their constitutional rights to free speech and assembly. Plaintiffs seek a judgment directing defendants to expunge from school records all entries relating to the suspension of students as a result of the demonstration on February 12, 1970. Plaintiffs seek a judgment permanently enjoining defendants from suspending the Black Students for a substantial period of time without following basic standards of due process prior to suspension, and a judgment permanently enjoining defendants from suspending the Black Students pursuant to the "Automatic Suspension Policy." Plaintiffs further seek a judgment permanently

enjoining defendants from suspending the Black Students for exercising their right to free speech and assembly.

Defendants agree that the Black Students were not afforded procedural due process under existing case law. Defendants contend that the Black Students should have been afforded a hearing as soon as possible after the suspension, but were entitled to no hearing prior to suspension. Defendants agree that the "automatic suspension policy" is unconstitutional on its face, in that it prohibits expression of student opinion without a showing of disturbance of other students or school activities. Defendants assert that the conduct of the Black Students was not protected since it resulted in a disturbance of other students and school activities. Defendants agree that the Black Students are entitled to a judgment directing defendants to expunge from school records all entries relating to the suspension of students as a result of the demonstration on February 12, 1970, and are entitled to a judgment permanently enjoining the defendants from suspending the Black Students pursuant to the "automatic suspension policy" as it presently exists.

### ISSUES OF LAW

#### I.

Whether the Black Students were Entitled to a Hearing Prior to Their Ten Day Suspensions.

■■ On plaintiffs' motion for summary judgment the Court determined this issue in plaintiffs' favor. The Fifth Circuit Court of Appeals did not pass upon the merits of this issue in its opinion reversing the summary judgment. There has now been a full development and clarification of the facts as a result of the pretrial stipulation entered into by the parties. It is abundantly clear that plaintiffs were suspended from North Fort Myers Junior-Senior High School for a period of ten days without any prior hearing. There can now be no doubt that due process requires a prior hearing which comports with the minimum limits of due process before a public high school student is suspended for a substantial period of time. Williams v. Dade County School Board, 441 F.2d 299 (5 Cir. 1971). The Court concludes that a ten day suspension is such a substantial period of time.

It is clear from the stipulated facts that plaintiffs were afforded no hearing prior to their suspensions for a substantial period of time from North Fort Myers Junior-Senior High School. Plaintiffs are therefore entitled to a judgment directing defendants to expunge from school records all entries relating to the suspension of students as a result of the demonstration on February 12, 1970. Plaintiffs are further entitled to a judgment permanently enjoining defendants from suspending them or the members of the class they represent for a substantial period of time without following basic standards of due process prior to suspension. Minimum standards of due process include the following: (1) Written notice of the charges against a student must be provided to the student and his parents or guardian; (2) The student must be afforded a hearing affording both sides ample opportunity to present their cases; (3) Imposition of sanctions shall only be on the basis of substantial evidence.

#### II.

Whether the Black Students were Entitled to a Hearing Within a Reasonable Period of Time after Their Ten Day Suspensions.

Defendants agree that plaintiffs are entitled to relief on this issue. In view of the Court's ruling that plaintiffs are entitled to a prior hearing, no discussion of this issue is necessary.

#### III.

Whether the "Automatic Suspension Policy" is Valid on its Face.

The parties agree that the automatic suspension policy as it presently exists is unconstitutional on its face in that it prohibits expression of student opinion without a showing of disturbance of other students or school activities. Defend-

ants have stipulated that plaintiffs are entitled to a judgment permanently enjoining the defendants from suspending the plaintiffs or members of the class they represent pursuant to the "automatic suspension policy" as it presently exists. Plaintiffs will be granted such relief.

## IV.

Whether the Conduct of the Black Students was Protected Free Speech and Assembly.

██ Based upon the stipulated facts set out above, there is an insufficient factual background from which the Court can decide this issue. The specific nature of the plaintiffs' grievances, if any, and the total effect upon school activities of plaintiffs' activities are unknown to the Court. Since the parties have agreed that no further facts remain to be litigated the Court must assume that plaintiffs have failed in the burden which is theirs of establishing the facts relevant to their First Amendment claim for relief. This lack of a sufficient factual background to support the First Amendment claim does not affect the due process claims for the simple reason that the specific nature of plaintiffs' conduct is not relevant to the due process issues. Whether plaintiffs walked out of North Fort Myers Junior-Senior High School peaceably or riotously, they were still entitled by due process to a hearing at which the nature of the conduct would itself be an issue.

Plaintiffs are entitled to no relief on the issue of whether their conduct was protected free speech and assembly.

## FINAL JUDGMENT

This action came on for hearing before the Court, and the issues have been duly heard and a decision has been duly rendered in the Court's Memorandum Opinion. It is, therefore,

Ordered, adjudged and decreed:

1. Defendants are permanently enjoined from suspending plaintiffs for a substantial period of time without following these standards of due process prior to the suspension: (1) Written notice of the charges against a student must be provided to the student and his parents or guardian; (2) The student must be offered a hearing affording both sides ample opportunity to present their cases; (3) Imposition of sanctions shall only be on the basis of substantial evidence.

2. Defendants are directed to expunge forthwith from school records and from the individual records of students all entries relating to the suspension of plaintiffs as a result of the walkout on February 12, 1970.

3. Defendants are hereby permanently enjoined from suspending plaintiffs pursuant to the "automatic suspension policy" as it presently exists.